IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALEXANDER JIGGETTS | * |
| Plaintiff | * |
| v | *    Civil Action No. JFM-15-2794 |
| OFFICE OF THE PUBLIC DEFENDER | * |
| Defendant | * |

## MEMORANDUM

The above-captioned civil rights complaint was filed on September 16, 2015. Plaintiff asserts that the Maryland Office of the Public Defender is violating his constitutional rights because the attorney assigned to his criminal case informed the state court he is not competent to stand trial, but staff at Spring Grove Hospital have found him competent. ECF 1. Plaintiff complained about the attorney assigned to him and asked for a different attorney; his request was denied pursuant to policy of the office. *Id.*

In order to state a claim for constitutional rights violation pursuant to 42 U.S.C.§1983, which provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured," the complaint must name a person as a defendant who is a state actor. The instant complaint names the Office of the Public Defender as defendant which is not a person. Even if that defect is cured, however, the complaint is still deficient because it does not name a state actor. The public defender assigned to plaintiff's case and her supervisor do not act under color

of state law when representing criminal defendants. *See Polk County v. Dodson*, 454 U.S. 312, 453 – 54 (1981).

To the extent the complaint raises a Sixth Amendment ineffective assistance of counsel claim and seeks pre-trial habeas corpus relief, it is not available under the circumstances of this case. Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff's claim that he is illegally confined may be litigated in a state forum without harm to his constitutional rights.

By separate order which follows the complaint shall be dismissed for failure to state a claim upon which relief may be granted. To the extent the complaint may be construed as a

petition for writ of habeas corpus seeking pre-trial habeas relief, it is dismissed without prejudice.

9/21/15
Date

J. Frederick Motz
United States District Judge